UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
DANIEL AREL                                            :     3:14 CV 1008 (JGM)
                                                       :
V.                                                     :
                                                       :
CAROLYN W. COLVIN,                                     :
ACTING COMMISSIONER OF                                 :
SOCIAL SECURITY                                        :
                                                       :     DATE: JULY 20, 2015
-------------------------------------------------------x
```

RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

On November 23, 2011, plaintiff applied for disability insurance benefits ["DIB"] and supplemental security income ["SSI"] benefits claiming that he has been disabled since December 5, 2005, due to mental illness, bipolar disorder, a traumatic brain injury, and migraine headaches. (See Dkt. #17, Brief at 1). After a hearing before an ALJ, the ALJ denied plaintiff benefits on April 25, 2013 (id.), and after exhausting his administrative remedies, plaintiff filed his Complaint in this case on July 14, 2014. (Dkt. #1). On January 17, 2015, plaintiff filed his Motion for Reversal or Remand, with brief in support (Dkts. ##17-18), and two months later, on March 13, 2015, defendant filed a consented to Motion to Remand (Dkt. #19), which motion was granted the same day. (Dkt. #20).[1] Plaintiff's Motion for Reversal or Remand was granted in limited part "only to the extent that a remand has been agreed upon by the parties." (Dkt. #21). On March 17, 2015, judgment entered in this case (Dkt. #23), and on June 12, 2015, plaintiff filed the pending Motion for Attorney's Fees, with brief, declaration, and time sheet in support. (Dkt. #24). On July 2, 2015, defendant filed her brief in opposition. (Dkt. #25).

---

[1]The parties also consented to entry of a final order by this Magistrate Judge. (Dkt. #19, at 2).

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #24) is granted in part, in the amount of **$7,929.00**, for a total of 44.05 hours at a hourly rate of $180.00.

## I. DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ["EAJA" or "Act"], 28 U.S.C. § 2412, the purpose of which Act is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)(footnote & citation omitted). In order for an award of attorney's fees to enter, this Court must find that plaintiff is a prevailing party, that the Commissioner's position was without substantial justification, that no special circumstances exist that would make an award unjust, and that the fee petition was filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B).

In the underlying Motion, plaintiff's counsel seeks an award of $9,117.00 for 50.65 hours of work, at an hourly rate of $180.00. (Dkt. #24, at 1).[2] Defendant does not contest plaintiff's prevailing party status or plaintiff's hourly rate,[3] but defendant objects to the amount of fees sought as excessive, and without specifying what reduction should be taken,[4]

---

[2] While in her time log, plaintiff, who was afforded in forma pauperis status in these proceedings (Dkt. #7; see Dkt. #3), lists costs in the amount of $47.18 (Dkt. #24, at 2), she appropriately does not seek reimbursement for such costs from defendant. See 28 U.S.C.A. § 1915(f)(1)("Judgment may be rendered for costs at the conclusion of [a] suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred.").

[3] Conversely, plaintiff spent ten pages of her fifteen page brief in support arguing that defendant's position "was not substantially justified within the meaning of the EAJA[]" (Dkt. #24, Brief at 3-13), which position defendant did not address.

[4] The Court understands that counsel are swamped by the current social security caseload, which caseload the Court knows all too well; however, this does not excuse the filing of briefs lacking sufficient detail, without which the burden has shifted to the Court.

defendant makes a blanket contention that "[s]ince [p]laintiff has not demonstrated the reasonableness of all time expenditures for which compensation is sought, she should not be compensated for such time under the EAJA. Thus, [p]laintiff's EAJA request should be reduced." (Dkt. #25, at 5).

It is plaintiff's burden to establish entitlement to this fee award, and the district court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983)(interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs.").[5] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11 CV 1768 (DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014), quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010).

As counsel are well aware, "[c]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10 CV 1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted); Cobb v. Astrue, No. 3:08 CV 1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009)(citation omitted). In this case, plaintiff's counsel seeks reimbursement for a total of 50.65 hours. (See Dkt. #24, Decl. & Time Sheets). The transcript in this case was 852 pages, and, as defendant acknowledges, plaintiff "did submit a thorough brief that totaled

---

[5]The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433, n.7.

3

[sixty-three] pages[,]" (Dkt. #25, at 3), however, the factual and legal issues involved were not overly complex, particularly given plaintiff's counsel's extensive experience in this area of the law. (Dkt. #24, Decl.); see Rodriguez v. Astrue, No. 3:08 CV 154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009)(The "[r]elevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.")(internal quotations & multiple citations omitted), approved in relevant part, 3:08 CV 154 (JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010); see Weeks v. Colvin, No. 3:13 CV 232 (JCH), 2015 WL 3453358, at *2 (D. Conn. May 28, 2015).  Accordingly, after a careful examination of plaintiff's counsel's specific entries, a small reduction in time is warranted.

### A. CLERICAL OR ADMINISTRATIVE TASKS

Defendant challenges the time plaintiff spent on "reading a two-page summons ordered by the Court[]" (2.0 hours); "saving and downloading the transcript[]" (1.0 hour); executing service of process (2.65 hours); and "reading and calendaring various docket entries from the Court[]"(2.0 hours), all of which are clerical or administrative tasks on which plaintiff spent a total of 7.65 hours. (Dkt. #25, at 4; Dkt. #24, Time Log).  The two hours of time spent reviewing ECF notices is reduced by .4, for a total of 1.6 hours spent reviewing entries by plaintiff's counsel, each broken down to .10 increments, see Seggerman v. Astrue, No. 3:11 CV 1219 (JBA)(JGM), 2014 WL 2534876, at *4 (D. Conn. Jun. 5, 2014)(finding .10 hour reasonable for review of an ECF notice), citing Rivera v. Astrue, No. 3:07 CV 1049 (SRU)(WIG), 2009 WL 2982647, at *3 (D. Conn. Jun. 18, 2009)(same).  The time spent reading the summons ordered by the Court (2.0 hours), executing service of process (2.65

hours), and downloading the transcript (1.0 hour), is excessive and includes the performance of clerical tasks not compensable by the EAJA. See Seggerman, 2014 WL 2534876, at *4 (assembling papers for service, preparing instructions to the U.S. Marshal, and downloading documents, are clerical tasks which are not compensable under the EAJA), citing Lee v. Astrue, No. 09 CV 1575 (CSH)(JGM), 2011 WL 781108, at *4 D. Conn. Feb. 28, 2011)(citations omitted)(clerical tasks such as receiving return of service, are not compensable under the EAJA).  Accordingly, plaintiff's time is reduced to .10 hours for reading the summons, is reduced to 1.0 hour for executing service of process, and is reduced to .20 hours for saving and downloading the transcript. See Seggerman, 2014 WL 2534876, at *4 (.2 hours to review ECF notices along with additional court filings is reasonable). Accordingly, the 7.65 hours spent on tasks largely administrative or clerical in nature is reduced to 2.9 hours (.10 hours (reading summons) + .20 hours (saving and downloading transcript) + 1.0 hour (executing service of process) + 1.6 hours (reading and calendaring ECF notices)).[6]

---

[6]The table below summarizes these reductions:

| Task | Hours Sought | Reduction | Hours Permitted |
|---|---:|---:|---:|
| Reading Summons | 2.00 | 1.90 | 0.10 |
| Saving & Downloading Transcript | 1.00 | 0.80 | 0.20 |
| Executing Service of Process | 2.65 | 1.65 | 1.00 |
| Reading & Calendaring Docket Entries | 2.00 | 0.40 | 1.60 |
| TOTALS | 7.65 | 4.75 | 2.90 |

B. EAJA PETITION

Defendant also contends that the 3.85 hours plaintiff spent drafting her EAJA petition is excessive. (Dkt. #25, at 4). As this Court has noted in the past, "[o]ther judges in this district have routinely found that preparation of an EAJA petition to largely involve clerical tasks, which are not compensable under the EAJA, and reduced such requests for [two] hours or less." Texidor v. Colvin, No. 10 CV 701 (CSH)(JGM), 2015 WL 164062, at *4 (D. Conn. Jan. 13, 2015)(awarding two hours for preparation of EAJA petition), quoting Barrow v. Astrue, No. 11 CV 828 (VLB)(TPS), 2013 WL 2428992, at *4 (D. Conn. Jun. 4, 2013) (awarding two hours for preparation of EAJA petition), citing Taylor v. Astrue, No. 09 CV 1791 (MRK), 2011 WL 1752239, at *3 (D. Conn. May 9, 2011)(awarding one hour for preparation of largely duplicative EAJA petition), Hosking v. Astrue, No. 3:10 CV 64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(awarding two hours for preparation of EAJA petition), approved absent objection, No. 10 CV 64(MRK), 2010 WL 4681257 (D. Conn. Nov. 2, 2010). See also Gelinas v. Colvin, No. 13 CV 891 (CSH)(JGM), 2014 WL 2567086, at *3 (D. Conn. Jun. 6, 2014)(multiple citations omitted)(same). In this case, plaintiff's petition, while thorough, contains portions of argument recited in his brief in support of his Motion for Remand. (Compare Dkt. #24, Brief at 6-13 with Dkt. #17, Brief). Accordingly, in light of the largely duplicative nature of this petition, plaintiff's counsel is awarded two hours for performing this task.

II. CONCLUSION

For the reasons stated below, plaintiff's Motion for Attorney's Fees (Dkt. #24) granted in the amount of **$7,929.00** for a total of 44.05 hours[7] at an hourly rate of $180.00.

---

[7]While this number exceeds the twenty to forty hours of attorney time that routine Social Security cases require, see Poulin, 2012 WL 264579, at *3 (citations & internal quotations omitted);

Dated this 20th day of July, 2015 at New Haven, Connecticut.

      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

Cobb, 2009 WL 2940205, at *3 (citation omitted), defendant does not specify any other entries for which she seeks a reduction; accordingly, the Court limits its reduction to the entries addressed above.  See note 4 supra.